IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>STACEY M. HAYNES,<br>    Defendant. | Case No. 4:96-cr-40034-JEH-1 |

### Order

Now before the Court is the Defendant, Stacey M. Haynes's, motion for early termination of supervised release. For the reasons stated, *infra*, the motion is denied.

### I

On February 5, 1998, Judge Joe B. McDade sentenced Stacy M. Haynes to a mandatory term of life imprisonment and an additional 105 years of consecutive imprisonment (D. 187 at ECF p. 1). The life sentence was imposed pursuant to the federal "three strikes" statute under 18 U.S.C. § 3559(c), based on three counts of Hobbs Act robbery and three counts of interstate travel in aid of racketeering. *Id.* at 2. The additional 105 years resulted from six convictions under 18 U.S.C. § 924(c), each carrying consecutive mandatory minimum terms for using a firearm in furtherance of a crime of violence. *Id.*

Following extensive post-conviction litigation under 28 U.S.C. § 2255, the Court vacated the mandatory life sentence under § 3559(c) and resentenced Haynes to one day of imprisonment on each relevant count (D. 136 at ECF pp. 1–2). The 105-year term for the § 924(c) convictions, however, remained (D. 187 at ECF p. 6).

Pursuant to the First Step Act, which amended 18 U.S.C. § 3582(c), Haynes later moved for a sentence reduction on his stacked § 924(c) sentences. *Id.* at 1-2. Judge McDade granted the motion and reduced each sentence to five years, to be served consecutively, totaling 30 years and one day of imprisonment. *Id.* at 2.

Haynes began a three-year term of supervised release on August 8, 2022. *Id.* Since his release, he has resided in the Quad Cities and participated in several reintegration initiatives. *Id.* He completed the MRT program through the U.S. Probation Office and graduated from the Illinois Department of Transportation's Highway Construction Careers Training Program at Black Hawk College. *Id.* He has held a variety of construction jobs and has been employed with Clinton Engineering since April 1, 2025. *Id.*

II

Haynes, through counsel, seeks early termination of supervised release, asserting that he has completed nearly three years of supervision without any criminal activity or drug use (D. 187 at ECF p. 7). He highlights his vocational accomplishments and employment record as indicative of rehabilitation and argues that continued supervision is unnecessary. *Id.*

The Government opposes the motion, asserting that Haynes has not met the high bar required for early termination (D. 188 at ECF pp. 6–11). It emphasizes Haynes does not satisfy the Guide to Judiciary Policy criteria he cites, including § 360.20(c)(3) being free from any court-reported violations for twelve months and § 360.20(c)(5), being in substantial compliance with all conditions of supervision. *Id.* at 11-12. The Government points to the multiple compliance issues during his term, including failure to submit monthly reports, job search logs, and financial disclosures. *Id.* at 7-8. Additionally, Haynes moved residences without prior notification to his probation officer, leading to a formal violation report. *Id.* at 9.

The Government argues that his supervision has not been violation-free and that his successful reentry has been facilitated in part by the support and structure provided by the probation officer. *Id.* at 13. The U.S. Probation Office has reported documentation and communication lapses and does not support early termination at this time, citing persistent noncompliance despite repeated reminders. (D. 188 at ECF pp. 12-13). Probation also emphasized that these supervision lapses persisted despite multiple efforts by his supervising officer to support and remind him of his obligations. *Id.* Probation further noted that Haynes has not consistently submitted financial disclosures, limiting the office's ability to evaluate his ability to pay the remaining restitution balance. *Id.*

### III

Pursuant to 18 U.S.C. § 3583(e)(1), a court may terminate a term of supervised release at any time after one year if it finds that the defendant's conduct and the interests of justice warrant such termination. *United States v. Crisp*, No. 2:13-CR-20050-JEH-1, 2025 WL 819126, at *3 (C.D. Ill. Mar. 14, 2025). The analysis must also consider the relevant sentencing factors under 18 U.S.C. § 3553(a), excluding subsection (a)(2)(A), which concerns punishment and retribution. *Id.* at *4-6. Early termination is an act of discretion, not entitlement. *Id.* at *7. Compliance with the terms of supervised release, while necessary, is not itself sufficient to merit early termination. *Id.*

### IV

Pursuant to 18 U.S.C. § 3583(e)(1), the Court must consider the relevant sentencing factors under § 3553(a), excluding subsection (a)(2)(A). Regarding sub-section (a)(1), the nature and circumstances of the offense and the history and characteristics of the defendant, Haynes's original offense conduct involved a series of armed robberies across two states, leading to 12 convictions, including six under § 924(c), which carried lengthy mandatory sentences. While the life

3

sentence was later vacated, the nature of the offense remains serious. However, his post-release history reflects meaningful efforts toward reentry, though lacking in consistency.

The Court recognizes that Haynes has made tangible efforts toward rehabilitation. His participation in MRT, completion of a state-certified construction program, and employment history are commendable. However, these accomplishments are tempered by persistent administrative issues, including repeated failures to submit supervision reports, job search records, and financial statements.

Probation records show multiple months of noncompliance from November 2022 through January 2025 (D. 188 at ECF p. 8). Despite reminders and attempts by probation officers to assist Haynes with compliance, these issues persisted. *Id.* at 9. The unauthorized relocation in January 2025 without prior notification to probation further undermines Haynes's claim to consistent compliance. *Id.* While the situation was resolved and no further action was recommended, it reflects a lapse in judgment concerning core supervisory obligations. *Id.*

In *Rickmon*, the Court acknowledged that a defendant does not need to exhibit perfect conduct while on supervised release in order to have their supervision terminated early. However, the defendant's behavior must demonstrate that they have been rehabilitated, such that they no longer pose a danger to the community more than anyone else. *United States v. Rickmon*, 1:18-cr-10046-JEH-1 (C.D. Ill. May 14, 2025).

Haynes' record reflects a mixed picture. While he has made progress and avoided new legal violations, his compliance has been at times spotty, and ongoing obligations remain, particularly with respect to his restitution balance of $5,686 (D. 188 at ECF p. 8). While his reentry trajectory is encouraging, the Court

4

finds that it does not yet demonstrate that supervision no longer serves any meaningful rehabilitative purpose.

      Of particular concern is Mr. Haynes's decision to move residences in January 2025 without notifying the Probation Office in advance. The Probation Office had to locate him after the fact, and Mr. Haynes offered no timely explanation for the failure to report his relocation. (D. 188 at ECF p. 9). This conduct represents a fundamental breach of the expectations of supervised release. This lapse did not occur in isolation. Rather, it occurred against the backdrop of a broader pattern of administrative noncompliance, including repeated failures to submit required monthly reports, job search logs, and financial disclosures across multiple months during the supervision period. *Id.* While the Court recognizes that perfection is not the standard for early termination, the obligation to keep Probation informed of one's address is a foundational requirement of supervised release. To grant early termination on this record would set a troubling precedent that such conduct is inconsequential or easily excused. This incident, especially when coupled with Haynes's broader record of inconsistent compliance, weighs heavily against granting relief under § 3583(e)(1).

      Sub-section (a)(2)(B), regarding deterrence, weighs in favor of continued supervision, reinforcing the importance of compliance and accountability in the reentry process. Given prior noncompliance with supervision terms, additional time may help ensure lasting deterrence. Sub-section (a)(2)(C) relates to protecting the public. While Haynes has committed no new crimes and has passed all drug tests, the record of administrative violations, including an unauthorized move, raises concerns about sustained self-monitoring outside of supervision. Regarding sub-section (a)(2)(D), correctional treatment and vocational support, Haynes has completed MRT and a vocational training

program and has participated in employment-related initiatives. There is no indication that further correctional programming is required; however, the structure of supervision may still serve a stabilizing role.

Sub-section (a)(4) deals with the sentencing range established by the guidelines. Haynes is serving a supervised release term that was properly imposed following the reduction of his custodial sentence. There is no deviation from the guideline range warranting correction. Sub-section (a)(5) addresses any pertinent policy statements. Here, there is no applicable policy statement compelling early termination. Sub-section (a)(6) considers the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. While each case is unique, courts should take care to ensure that relief is not granted on a record that falls short of the general expectations for compliance and rehabilitation. Granting early termination despite repeated supervision issues may result in outcomes that diverge meaningfully from those in which defendants have demonstrated consistent adherence to the terms of release. Sub-section (a)(7) deals with restitution to victims. Haynes continues to owe a substantial restitution balance while Probation has been unable to assess his full ability to pay due to missing disclosures.

V

Having considered the relevant § 3553(a) factors, the Court finds that the objectives of supervised release remain incompletely achieved. The § 3553(a) factors relevant to whether supervised release should be terminated weigh against early termination. The Court emphasizes that this determination lies within its discretion, and while Haynes has made progress, early termination is not warranted at this time under the statutory framework.

Accordingly, the motion to terminate supervised release early is denied.

*It is so ordered.*

Entered on June 12, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE